J. Andrew Coombs (SBN 123881)
andy@coombspc.com
Annie S. Wang (SBN 243027)
annie@coombspc.com
J. Andrew Coombs, A Prof. Corp.
517 E. Wilson Avenue, Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiff
Deckers Outdoor Corporation

Shane McLaughlin, an individual and
d/b/a www.twincitiessucreme.com
5300 Annaplois Ln. N., Apt. 4318
Minneapolis, MN 55446-3620

Defendant, *in pro se*

FILED
CLERK, U.S. DISTRICT COURT
MAY 26 2010
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deckers Outdoor Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Shane McLaughlin, an individual and<br>d/b/a Twincitiessucreme.com, et al.,<br><br>Defendants. | Case No. CV09-6863 CBM (JCx)<br><br>[~~PROPOSED~~] CONSENT DECREE PURSUANT TO STIPULATION |

The Court, having read and considered the Joint Stipulation for Permanent Injunction that has been executed by Plaintiff Deckers Outdoor Corporation ("Deckers" or "Plaintiff") and Defendant Shane McLaughlin, an individual and d/b/a Twincitiessucreme.com ("Defendant"), in this action:

GOOD CAUSE APPEARING THEREFORE, THE COURT ORDERS that this Permanent Injunction shall be and is hereby entered in the within action as follows:

1)     This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, <u>et seq.</u>, as well as 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

Deckers v. McLaughlin, et al.: Proposed Consent Decree         - 1 -
(McLaughlin)

2) Service of process was properly made on the Defendant.

3) Deckers owns or controls the pertinent rights in and to the trademarks listed in Exhibits "A" and "B" attached hereto and incorporated herein by this reference (The trademarks identified in Exhibits "A" and "B" are collectively referred to herein as the "Deckers Trademarks").

4) Defendant has made unauthorized uses of the Deckers Trademarks or substantially similar likenesses or colorable imitations thereof.

5) Defendant and his agents, servants, employees and all persons in active concert and participation with him who receive actual notice of the Injunction are hereby restrained and enjoined, pursuant to 15 U.S.C. § 1116, from:

    a) Infringing the Deckers Trademarks, either directly or contributorily, in any manner, by:

        i) Importing, manufacturing, distributing, advertising, selling and/or offering for sale any unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Deckers Trademarks ("Unauthorized Products");

        ii) Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Deckers Trademarks;

        iii) Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendant's customers and/or members of the public to believe, the actions of Defendant, the products sold by Defendant, or Defendant himself is connected with Deckers, is sponsored, approved or licensed by Deckers, or is affiliated with Deckers;

iv) Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Deckers.

6) Defendant is ordered to deliver for destruction all Unauthorized Products, including footwear, and labels, signs, prints, packages, dyes, wrappers, receptacles and advertisements relating thereto in his possession or under his control bearing any of the Deckers Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same.

7) Except for the allegations contained herein, the claims alleged in the Complaint against Defendant McLaughlin only, by Deckers, are dismissed with prejudice.

8) This Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

9) The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendant.

9) The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Injunction.

10) The above-captioned action, shall, upon filing by Plaintiff of the Settlement Agreement, Stipulation for Entry of Judgment and Judgment Pursuant to Stipulation, and requesting entry of judgment against Defendant, be reopened should Defendant default under the terms of the Settlement Agreement.

11) This Court shall retain jurisdiction over the Defendant for the purpose of making further orders necessary or proper for the construction or modification of this

consent decree and judgment; the enforcement hereof; the punishment of any violations hereof, and for the possible entry of a further Judgment Pursuant to Stipulation in this action.

IT IS SO ORDERED.

DATED: May 26, 2010

Hon. Consuelo B. Marshall
United States District Judge

PRESENTED BY:
J. Andrew Coombs, A. P. C.

By: /s/ Annie S. Wang
   J. Andrew Coombs
   Annie S. Wang
Attorneys for Plaintiff
Deckers Outdoor Corporation

Shane McLaughlin, an individual and d/b/a www.twincitiessucreme.com

By: _____
   Shane McLaughlin
Defendant, *in pro se*

**EXHIBIT A**

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 3,050,925
Registered Jan. 24, 2006

## TRADEMARK
### PRINCIPAL REGISTER

# UGG

DECKERS OUTDOOR CORPORATION (DELAWARE CORPORATION)
495-A SOUTH FAIRVIEW AVENUE
GOLETA, CA 93117

FOR: MEN'S, WOMEN'S AND CHILDREN'S FOOTWEAR, NAMELY, BOOTS, SHOES, CLOGS, SLIPPERS; MEN'S, WOMEN'S AND CHILDREN'S CLOTHING, NAMELY, COATS, JACKETS, PONCHOS; WOMEN'S CLOTHING, NAMELY, SKIRTS, MUFFS; CHILDREN'S BUNTINGS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-28-1979; IN COMMERCE 12-28-1979.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-976,129, FILED 1-21-2005.

BARBARA A. LOUGHRAN, EXAMINING ATTORNEY

**EXHIBIT B**

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

Reg. No. 2,314,853

**United States Patent and Trademark Office**  Registered Feb. 1, 2000

## TRADEMARK
### PRINCIPAL REGISTER



WELLS FARGO BANK, N.A. (CALIFORNIA NATIONAL BANKING ASSOCIATION)
495-A S. FAIRVIEW
GOLETA, CA 93117 BY ASSIGNMENT UGG HOLDINGS, INC. (CALIFORNIA CORPORATION)
GOLETA, CA 93117

FOR: FOOTWEAR, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 10-0-1996; IN COMMERCE 3-0-1997.

SN 75-249,238, FILED 2-28-1997.

GEORGE LORENZO, EXAMINING ATTORNEY