1    J. Andrew Coombs (SBN 123881)
     *andy@coombspc.com*
2    Annie S. Wang (SBN 243027)
     *annie@coombspc.com*
3    J. Andrew Coombs, A Prof. Corp.
     517 E. Wilson Avenue, Suite 202
4    Glendale, California 91206
     Telephone: (818) 500-3200
5    Facsimile: (818) 500-3201

6    Attorneys for Plaintiff
     Deckers Outdoor Corporation
7

8    Teresa Aburto, an individual and
     d/b/a Online Sales
9    P.O. Box 7291
     Orange, CA 92863
10

11   Jaime Aburto a/k/a James Aburto, an individual and
     d/b/a Online Sales
12   1442 E. Lincoln Ave., #501
     Orange, CA 92865

13   Defendants, *in pro se*

14

15                      UNITED STATES DISTRICT COURT

16                     CENTRAL DISTRICT OF CALIFORNIA

17   Deckers Outdoor Corporation,          )   Case No. CV09-6863 CBM (FMOx)
                                           )
18                        Plaintiff,        )   [~~PROPOSED~~] CONSENT
                                           )   DECREE PURSUANT TO
19          v.                              )   STIPULATION
                                           )
20   Shane McLaughlin, an individual and   )
     d/b/a Twincitiessucreme.com, et al.,  )
21                                          )
                                           )
         _____        )
22                        Defendants.       )

23          The Court, having read and considered the Joint Stipulation for Permanent

24   Injunction that has been executed by Plaintiff Deckers Outdoor Corporation

25   ("Deckers" or "Plaintiff") and Defendants Teresa Aburto and Jaime Aburto a/k/a

26   James Aburto, individuals and d/b/a Online Sales ("Defendants"), in this action:

27          GOOD CAUSE APPEARING THEREFORE, THE COURT ORDERS that this

28   Permanent Injunction shall be and is hereby entered in the within action as follows:

     Deckers v. McLaughlin, et al.: Proposed Consent Decree (Aburto)    - 1 -

1)      This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., as well as 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

2)      Service of process was properly made on the Defendants.

3)      Deckers owns or controls the pertinent rights in and to the trademarks listed in Exhibits "A" and "B" attached hereto and incorporated herein by this reference (The trademarks identified in Exhibits "A" and "B" are collectively referred to herein as the "Deckers Trademarks").

4)      Defendants have made unauthorized uses of the Deckers Trademarks or substantially similar likenesses or colorable imitations thereof.

5)      Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of the Injunction are hereby restrained and enjoined, pursuant to 15 U.S.C. § 1116, from:

        a)      Infringing the Deckers Trademarks, either directly or contributorily, in any manner, by:

                i)      Importing, manufacturing, distributing, advertising, selling and/or offering for sale any unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Deckers Trademarks ("Unauthorized Products");

                ii)      Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Deckers Trademarks;

                iii)      Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe, the actions of Defendants, or

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

either of them, the products sold by Defendants, or either of them, or either of the Defendants themselves are connected with Deckers, are sponsored, approved or licensed by Deckers, or are affiliated with Deckers;

iv)     Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Deckers.

6)     Defendants are ordered to deliver for destruction all Unauthorized Products, including footwear, and labels, signs, prints, packages, dyes, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing any of the Deckers Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same.

7)     Except for the allegations contained herein, the claims alleged in the Complaint against Defendants Teresa Aburto and Jaime Aburto a/k/a James Aburto only, by Deckers, are dismissed with prejudice.

8)     This Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.

9)     The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendants.

9)     The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Injunction.

10)     The above-captioned action, shall, upon filing by Plaintiff of the Settlement Agreement, Stipulation for Entry of Judgment and Judgment Pursuant to Stipulation, and requesting entry of judgment against Defendants, be reopened should Defendants default under the terms of the Settlement Agreement.

11)     This Court shall retain jurisdiction over the Defendants for the purpose of making further orders necessary or proper for the construction or modification of this consent decree and judgment; the enforcement hereof; the punishment of any violations hereof, and for the possible entry of a further Judgment Pursuant to Stipulation in this action.

     IT IS SO ORDERED.

DATED: *Mar. 14, 2011*

Hon. Consuelo B. Marshall
United States District Judge

1

# EXHIBIT A

2

3

## UGG U.S. Registration No. 3,050,925

4

5

Int. Cl.: 25

6

Prior U.S. Cls.: 22 and 39

7

**United States Patent and Trademark Office**  Reg. No. 3,050,925
Registered Jan. 24, 2006

8

**TRADEMARK**
**PRINCIPAL REGISTER**

9

10

11

12

13

# UGG

14

15

16

17

DECKERS OUTDOOR CORPORATION (DELA-
WARE CORPORATION)
495-A SOUTH FAIRVIEW AVENUE
GOLETA, CA 93117

    FOR: MEN'S, WOMEN'S AND CHILDREN'S
FOOTWEAR, NAMELY, BOOTS, SHOES, CLOGS,
SLIPPERS; MEN'S, WOMEN'S AND CHILDREN'S
CLOTHING, NAMELY, COATS, JACKETS,
PONCHOS; WOMEN'S CLOTHING, NAMELY,
SKIRTS, MUFFS; CHILDREN'S BUNTINGS, IN
CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-28-1979; IN COMMERCE 12-28-1979.

    THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

    SER. NO. 78-976,129, FILED 1-21-2005.

BARBARA A. LOUGHRAN, EXAMINING ATTOR-
NEY

18

19

20

21

22

23

24

25

26

27

28

Deckers v. McLaughlin, et al.: Proposed Consent Decree (Aburto)      - 5 -

# EXHIBIT B

## Sun Logo U.S. Registration No. 2,314,853

**Int. Cl.: 25**

**Prior U.S. Cls.: 22 and 39**

**Reg. No. 2,314,853**

**United States Patent and Trademark Office**    Registered Feb. 1, 2000

### TRADEMARK
### PRINCIPAL REGISTER



WELLS FARGO BANK, N.A. (CALIFORNIA NA-
TIONAL BANKING ASSOCIATION)
495-A S. FAIRVIEW
GOLETA, CA 93117 BY ASSIGNMENT UGG HOLD-
INGS, INC. (CALIFORNIA CORPORATION)
GOLETA, CA 93117

FOR: FOOTWEAR, IN CLASS 25 (U.S. CLS. 22
AND 39).
    FIRST USE 10-0-1996; IN COMMERCE 3-0-1997.

SN 75-249,238, FILED 2-28-1997.

GEORGE LORENZO, EXAMINING ATTORNEY